IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS



FILED
JAN 2 6 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE MATTER OF AN APPLICATION )
AND AFFIDAVITS OF THE UNITED )
STATES OF AMERICA FOR A )
SEARCH WARRANT AUTHORIZING )
THE INSTALLATION, MAINTAINENCE AND ) CASE NO. 12-mj-3035-DGW
MONITORING OF A MOBILE TRACKING )
DEVICE, IN OR ON A WHITE 2001 FORD )
VAN BEARING LICENSE PLATE )
42260X-B AND VEHICLE IDENTIFICATION )
NUMBER (VIN) 1FTNE24211HB72362 )

## APPLICATION AND AFFIDAVIT

1. Derek Parker, being duly sworn, deposes and states: I am a Task Force Officer (TFO) currently assigned to the DEA Fairview Heights Resident Office. I have been a Fairmont City Police Officer for the past 9 years. Prior to becoming a TFO, I was assigned to the St. Clair County Sheriff's Department Drug Tactical Unit for 1 year. I have participated in numerous narcotics investigations involving the transportation of controlled substances and/or of the proceeds/payments from controlled substance sales throughout the United States during my tenure with DEA. I have received extensive training by the DEA. I have participated in numerous drug investigations, which have resulted in the seizure of methamphetamine, crystal methamphetamine, ecstasy, cocaine, marijuana, heroin, and other controlled substances. I am familiar with and have utilized normal methods of investigation, including, but not limited to, visual surveillance, questioning of witnesses, the use of search and arrest warrants, the use of informants, the use of pen registers, the utilization of undercover agents and the use of court-authorized wire intercepts.

2. There is probable cause to believe that a white 2001 Ford van, bearing Illinois license plate 42260X-B, vehicle identification number (VIN) 1FTNE24211HB72362, hereinafter referred to

as TARGET VEHICLE, has been and is going to be utilized again to facilitate the distribution of cocaine and/or a conspiracy to distribute cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3. This affidavit is in support of an application, pursuant to Federal Rule of Criminal Procedure 41 and Title 18, United States Code, Section 3117 for a warrant and Order to install, maintain and monitor a Global Positioning System (GPS) tracking unit, which is a mobile tracking device, for forty-five (45) days on the subject vehicle, with the installation of the GPS tracking device being made by the members of the investigative team. The installation of a mobile tracking device placed in or on the subject vehicle, and monitoring of the mobile tracking device, will lead to evidence of the aforementioned violations, as well as to the identification of individuals who are engaged in the commission of that and related crimes. The facts which establish the probable cause necessary for issuance of this warrant and order are either personally known to me, are in official government or business records I have reviewed; or have been told to me directly by other members of the investigating team who are Federal, State, or Local law enforcement officers with whom I have worked with on this investigation. I have not related every aspect of this investigation, but only sufficient information to establish probable cause in support of the issuance of a warrant and Order for the installation, maintaining and monitoring of a GPS mobile tracking device on the subject vehicle.

4. In March 2009, agents with the DEA Fairview Heights Resident Office conducted a Title-III investigation of Steven CORTEZ-ORTEGA of Collinsville, Illinois. During the investigation, agents identified Ruben VITAL as a multi-ounce to kilogram distributor of cocaine for Steven CORTEZ-ORTEGA in the Collinsville, Illinois area. On several occasions, VITAL was intercepted over the Title-III of CORTEZ-ORTEGA discussing the purchase of cocaine.

2

5. In June 2009, agents conducted a proffer interview with Steven CORTEZ-ORTEGA in reference to his drug activity and Ruben VITAL. During the interview, CORTEZ-ORTEGA stated from early 2008 to his arrest in May 2009, he "fronted" a quarter kilogram, half kilogram and two kilograms of cocaine to VITAL on three different occasions. CORTEZ-ORTEGA advised VITAL had a drug debt of $2,000.00 at the time of his arrest. Agents continued to investigate the drug activities of Ruben VITAL and did not arrest VITAL based on the Title-III or proffer of Steven CORTEZ-ORTEGA.

6. In December 2010, the Fairmont City Police Department cultivated a Confidential Source, hereinafter referred to as CS#1, who provided information in reference to several individuals distributing cocaine in the Collinsville, Illinois area including Ruben VITAL. CS#1 has continued to cooperate with agents and has provided continuous information since December 2010. In December 2011, CS#1 provided additional information in reference to the cocaine distribution activities of Ruben VITAL. CS#1 stated he/she has known VITAL for approximately two years and in the past two years VITAL has distributed approximately one kilogram of cocaine a week to individuals in the Collinsville, Illinois area. CS#1 stated he/she has had several conversations with VITAL in reference to VITAL traveling to Chicago, Illinois in the TARGET VEHICLE to obtain kilogram quantities of cocaine from his "brother-in-law." At the time of this affidavit, agents were unable to identified VITAL's "brother-in-law" in Chicago, Illinois. CS#1 stated he/she is aware VITAL utilizes the TARGET VEHICLE to distribute cocaine in the Southern District of Illinois. The information provided by the CS#1 has proven reliable and been corroborated by members of the investigative team and the ongoing investigation itself. CS#1 is a defendant cooperator and is cooperating with the Fairmont City Police Department for consideration in his/her pending charges.

7. According to CS#1, Ruben VITAL utilizes cellular telephone number 618-779-2293 for his electrical business and cocaine distribution activities. On December 28, 2011, agents received a subpoena response from AT&T for VITAL's telephone records. Agents analyzed the telephone numbers and discover VITAL is in contact with several telephone numbers in the Chicago, Illinois area. Agents are unaware if the numbers are drug related contacts or family members.

8. In November 2011, agents spoke with a second Fairmont City Confidential Source, hereinafter referred to as CS#2, who stated he/she is aware of the cocaine distribution activity of Ruben VITAL. CS#2 stated in November 2011, he/she spoke with VITAL in reference to purchasing one ounce of cocaine for $1,000.00. CS#2 stated VITAL told CS#2 he would contact him/her when the cocaine is available. CS#2 stated VITAL provided him/her with a business card with Ruben VITAL's name and telephone number of 618-779-2293. CS#2 advised he/she has seen VITAL driving the TARGET VEHICLE around the Collinsville, Illinois area on several occasions. The information provided by the CS#2 has proven reliable and been corroborated by members of the investigative team and the ongoing investigation itself. CS#2 is not a defendant cooperator and is cooperating with the Fairmont City Police Department on his own free will.

9. On December 30, 2011, Agents with the Fairview Heights Resident Office placed a Global Positioning System (GPS) on the TARGET VEHICLE to monitor the driving activity of Ruben VITAL in anticipation of VITAL traveling to Chicago, Illinois to obtain cocaine. During the monitoring period, VITAL did not leave the Collinsville, Illinois area and the information provided by the GPS did not revealed any further information in reference VITAL's drug distribution activities.

10. On Monday, January 23, 2012, CS#1 advised he/she spoke with VITAL who stated in the near future he would be obtaining additional cocaine to distribute in the Collinsville, Illinois area.

4

CS#1 stated based upon their conversation, VITAL may travel to Chicago, Illinois in the TARGET VEHICLE to obtain the cocaine or VITAL's cocaine source of supply will travel to the Collinsville, Illinois area and deliver the cocaine. CS#1 stated VITAL will notify him/her when VITAL is in possession of the cocaine. CS#1 stated he/she is in the position to order or purchase at least a half kilogram of cocaine from VITAL.

11. On Wednesday, January 25, 2012, agents with the DEA Fairview Heights Resident Office ceased the monitoring of the GPS device installed on the TARGET VEHICLE.

12. Based on the above information, agents believe the TARGET VEHICLE has been and will again be utilized by Ruben VITAL in furtherance of his cocaine trafficking activities. It is suspected that he may use the TARGET VEHICLE to go to Chicago. The TARGET VEHICLE is currently in the Southern District of Illinois and may travel outside the Southern District of Illinois to obtain a controlled substance. As the GPS devise is currently on the vehicle, the DEA would not need to install the device. However, it is possible that the DEA would need access to the device during the 45-day authorization period to perform maintenance. No information will be obtained until this warrant is authorized.

13. WHEREFORE, pursuant to Federal Rule of Criminal Procedure 41 and Title 18, United States Code, Section 3117, it is requested that the Court issue a warrant and Order authorizing the installation, maintenance and monitoring of a Global Positioning System (GPS) tracking unit, which is a mobile tracking device, for forty-five (45) days on the subject motor vehicle, with the installation of the GPS tracking device being made by the members of the investigative team.

14. IT IS FURTHER REQUESTED that the Court authorized execution of the warrant at any time of day or night, owing to the potential need to access the TARGET VEHICLE outside of daytime hours.

15. IT IS FURTHER REQUESTED that the warrant and this affirmation, as it reveals an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against fugitives, and better ensure the safety of agents and others.

16. IT IS FURTHER REQUESTED that, pursuant to Title 18, United States Code, Section 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrant.

_____
Derek S. Parker
Task Force Officer
Drug Enforcement Administration

Sworn to before me this
___ day of January 2012

_____
CHRISTOPHER HEERY
Submitting AUSA

_____
DONALD G. WILKERSON
United States Magistrate Judge